UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BUD JAY SAWYER, JR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-10-102 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

### ORDER TO TRANSFER

The petitioner, Bud Jay Sawyer, Jr., is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Sawyer has filed this action seeking a federal writ of habeas corpus to challenge a 1993 conviction of capital murder. After reviewing the petition and the applicable law, the Court concludes that his case must by transferred for reasons set forth in more detail below.

Sawyer is currently incarcerated at the Darrington Unit as a result of his conviction on September 23, 1993, in the 184th District Court of Harris County, Texas. Harris County, where the conviction was entered, is not located within the Galveston Division of the Southern District of Texas. Thus, according to the statute that controls jurisdiction in this instance, the Galveston Division is not the proper place for this action.

Because the petitioner is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is governed by 28 U.S.C. § 2241(d), which provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and

> each of such district courts shall have concurrent jurisdiction to entertain this application.

28 U.S.C. § 2241(d). The Fifth Circuit has clarified that under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of *only* two places: (1) in the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). Although the statute speaks only to districts, the Fifth Circuit has extended the rule found in § 2241(d) to division within the same district as well. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction where witnesses were located was a more appropriate venue than the division of confinement in challenge to the conviction).

The Darrington Unit, where Sawyer is currently confined, is located in Rosharon, Texas, which is within the Southern District of Texas, Galveston Division. *See* 28 U.S.C. § 124(b)(2) (Brazoria County). The conviction that Sawyer seeks to challenge, however, has no ties to the Galveston Division. The conviction at issue was entered in Harris County, Texas, which is in the Southern District of Texas, Houston Division. 28 U.S.C. § 124(b)(6).

A district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of it discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). Should a hearing every be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceeding are more likely to be found in the county where the judgment was entered. Accordingly, the Court concludes that justice would be better served if this case were transferred to the district where the state court which convicted and sentenced the petitioner is located. *See Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991); *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir), *cert. denied sub nom.*; *Bell v. Thigpen*, 464 U.S. 843 (1983); *see also*

Southern District of Texas, General Order of May 30, 1985 ("If, after review of the application, the convicting court is found to be outside this district, this Court will transfer the application for writ of habeas corpus to the District where the applicant was convicted.").

Accordingly, based on the foregoing, the Clerk of Court is **ORDERED** to **TRANSFER** this habeas corpus proceeding to the United States District Court for the Southern District of Texas, Houston Division, and to terminate all pending motions.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas this 2nd day of April, 2010.

_____
Kenneth M. Hoyt
United States District Judge